CITY OF TEAGUE v. FABRIC FIRE HOSE
CO. (No. 5503.)

(Court of Civil Appeals of Texas. Austin.
May 19, 1915.)

MUNICIPAL CORPORATIONS ☞1034 — ACTION
AGAINST—PETITION—CONVERSION.

The action against a city not being for debt, but for conversion, the petition need make no allegation as to manner of contracting debt for the property, or provision for its payment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2203–2205; Dec. Dig. ☞1034.]

Appeal from Freestone County Court; R. L. Williford, Judge.

Action by the Fabric Fire Hose Company against the City of Teague. Judgment for plaintiff, and defendant appeals. Affirmed.

A. B. Geppart, of Teague, for appellant.

RICE, J. Appellee brought this suit against the city of Teague, to recover damages for the conversion of 1,000 feet of fire hose. A trial before the court without a jury resulted in a judgment in favor of appellee in the sum of $320, from which judgment appellant has prosecuted this appeal, urging, first, that the court erred in overruling its special exceptions to plaintiff's petition, on the ground that the same failed to allege that the debt due the plaintiff was contracted for either by ordinance or resolution, as required by law. Second, that said petition fails to allege that at the time the debt was created provision was made for the annual assessment and collection of a sufficient sum to pay the interest thereon and create a sinking fund of at least 2 per cent. or that any provision was made at the time said debt was created for its payment, as required by law. Both of these

exceptions were properly overruled, because this was not a suit to collect a debt in the sense suggested by said exceptions; but, on the contrary, was a suit for the unlawful conversion on the part of said city of the hose in question, for which reason we overrule said contentions.

The evidence amply supports the judgment rendered. We do not believe, however, that this is a case that would warrant our affirming with damages, as requested by appellee.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.